UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA DAVIS BLAND,<br>CDCR #P-29302,<br><br>         Plaintiff,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA; SUPERIOR COURT OF CALIFORNIA; WILLIAM WOLFE; BRUCE SILVA; SAN DIEGO COUNTY DISTRICT ATTORNEY; ESCONDIDO POLICE OFFICER,<br><br>         Defendants. | Case No.: 3:20-CV-0964 JLS (LL)<br><br>**ORDER: (1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g); AND (2) DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

  Plaintiff Joshua Davis Bland, currently incarcerated at the California State Prison, Corcoran, located in Corcoran, California, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff also filed a Motion to Proceed *In Forma Pauperis* ("IFP") (*See* ECF No. 2).

**I. Motion to Proceed IFP**

  ***A. Legal Standard***

  "All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Plaintiff, however, "face

an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is

dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing.").

### B.   Discussion

The Court has reviewed Plaintiff's Complaint and finds it contains no "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).  And while Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, *Andrews*, 398 F.3d at 1119, "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120.  That is the case here.

A court may take judicial notice of its own records, *see Molus v. Swan*, No. 3:05-cv-00452-MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

Based on a review of its own docket and other court proceedings available on PACER, the Court finds that Plaintiff Joshua Davis Bland, identified as CDCR Inmate #P-29302, while incarcerated, has had three prior civil actions dismissed on the grounds

that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

(1) *Bland v. Clark, et al.*, Civil Case No. 1:19-cv-00197-DAD-BAM (E.D. Cal. April 17, 2019) (Order adopting Findings and Recommendations to dismiss case for failing to state a claim) (strike one);

(2) *Bland v. Cal. Dep't of Corrections and Rehabilitation, et al.*, Civil Case No. 1:18-cv-01357-LJO-EPG (E.D. Cal. May 2, 2019) (Order adopting Findings and Recommendations to dismiss case with prejudice for failing to state a claim) (strike two);

(3) *Bland v. Jerry Brown, et al.*, Civil Case No. 1:18-cv-01358-AWI-JDP (E.D. Cal. July 11, 2019) (Order adopting Findings and Recommendations to dismiss case with prejudice for failing to state a claim) (strike three).

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by § 1915(g), and he fails to make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint, he is not entitled to the privilege of proceeding IFP in this action. *See Cervantes*, 493 F.3d at 1055; *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("[C]ourt permission to proceed IFP is itself a matter of privilege and not right.").

## II.  Conclusion and Orders

For the reasons set forth above, the Court:

(1) **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. § 1915(g); (2) **DISMISSES** this civil action sua sponte without prejudice for failing to prepay the $400 civil and administrative filing fees required by 28 U.S.C. § 1914(a);

///

///

///

1  (3) **CERTIFIES** that an IFP appeal from this Order would be frivolous pursuant to 28
2  U.S.C. § 1915(a)(3); and (4) **DIRECTS** the Clerk of the Court to close the file.
3      **IT IS SO ORDERED**.
4  Dated:  June 23, 2020

                                                *Janis L. Sammartino*
                                                Hon. Janis L. Sammartino
                                                United States District Judge